| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER<br>1437 Bannock Street, Denver, CO 80202<br>Phone:  303-606-2300 | DATE FILED: August 5, 2021 3:09 PM<br>FILING ID: 7EAF58723D5FB<br>CASE NUMBER: 2021CV32457 |
| Plaintiff:<br>**ROBERT PIGFORD**<br><br>**v.**<br><br>Defendants:<br>**SOMPO AMERICA INSURANCE COMPANY** | ▲ **COURT USE ONLY** ▲ |
| **ATTORNEYS FOR PLAINTIFF:**<br>Name:   Stephen J. Burg, Reg. No. 39789<br>            Jacob M. Burg, Reg. No. 47766<br>            Kristi Paschall, Reg. No. 42533<br>Address:  Burg Simpson Eldredge Hersh & Jardine, P.C.<br>            40 Inverness Drive East<br>            Englewood, Colorado, 80112<br>Phone No.:  (303) 792-5595<br>Fax No.:     (303) 708-0257<br>E-Mail:      sburg@burgsimpson.com<br>            jburg@burgsimpson.com<br>            kpaschall@burgsimpson.com | Case No:<br><br>Div: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW, Plaintiff Robert Pigford, by and through his attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., for his Complaint and Jury Demand, states, alleges, and avers as follows:

## **PARTIES**

1. Plaintiff Robert Pigford (hereinafter Plaintiff Pigford) is a citizen and resident of Denver County, Colorado, residing at 709 S. Hudson Street, Denver, CO 80246.

2. Defendant Sompo America Insurance Company (hereinafter "Defendant") is a foreign corporation licensed to do business in the State of Colorado with its principal place of business at 11405 North Community House Rd., Suite 600, Charlotte, NC 28277 and the

**EXHIBIT A**

office of its registered agent at the Colorado Division of Insurance, 1560 Broadway, Suite 850, Denver, CO 80202.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

4. The Court has personal jurisdiction over the Defendant by virtue of the Defendant's operations and presence in Colorado, by its transacting business in or directed at Colorado, by its commission of a tortious act that caused injury and damages in Colorado, and/or by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous and systematic contacts with Colorado, and by its commission of tortious acts that caused injury and damages in Colorado to a Colorado resident, pursuant to C.R.S. §13-1-124(1).

5. Venue is proper in this Court, pursuant to C.R.C.P. 98(c)(1) because Defendant Sompo America is a nonresident of the State, Defendant SOMPO America conducts business in Denver County, and Denver is the County designated in this Complaint.

## GENERAL ALLEGATIONS

6. On or about October 25, 2020, Plaintiff was working at a Greystar Management Services apartment complex called Arcadia located at 8225 South Poplar Way, Centennial, CO 80112. As he was shoveling snow from the property as part of his employment, Plaintiff injured his right shoulder (hereinafter "the incident").

7. On that same date, Plaintiff notified his employer, Greystar Management Services, that he injured his right shoulder while working.

8. On October 29, 2020, Plaintiff reported to Concentra-ATP (hereinafter "ATP") regarding the injury he sustained at work. Plaintiff was diagnosed with a shoulder strain and placed on work restrictions including, but not limited to, no lifting, pushing, or pulling greater than 10 pounds and restricting any reaching above shoulder level.

9. As a direct and proximate result of the incident, Plaintiff suffered serious bodily injury and trauma including, but not limited to a traumatic tear of his right rotator cuff.

10. At the time of the incident, Plaintiff had worker's compensation insurance with Defendant Sompo America Insurance Company through his employer Greystar Management Services

11. Ms. Sally Meridian was assigned as the adjuster for Defendant for Plaintiff's worker's compensation claim.

12. On October 29, 2020, Ms. Meridian spoke to Plaintiff's employer regarding his injuries. Plaintiff's employer told Ms. Meridian there is no reason to question the incident or Plaintiff's injuries.

13. On the same date, Ms. Meridian advised Plaintiff's employer that if he misses more than three (3) days from work, she will then start paying Plaintiff worker's compensation wage loss benefits, which is two-thirds of Plaintiff's weekly wage.

14. On November 6, 2020, Plaintiff presented to ATP for a follow up appointment where he was referred for a right shoulder MRI.

15. On November 16, 2020, Plaintiff underwent a right shoulder MRI.

16. On December 1, 2020, Plaintiff presented to surgeon, Craig Davis, M.D., who reviewed the MRI and advised Plaintiff that he needs to undergo arthroscopy with acromioplasty, rotator cuff repair, biceps tenodesis, and subacromial decompression surgery to repair his torn right rotator cuff.

17. On the same date, Ms. Meridian noted Dr. Davis has recommended Plaintiff undergo surgery and requested to transfer the case to a new, supervising adjuster as the claim would convert from medical only to medical and indemnity.

18. On December 2, 2020, Dr. Craig Davis submitted the shoulder surgery request to the new adjuster, Ms. Taboura Smith.

19. On December 8, 2020, Concentra ATP agreed with the shoulder surgery recommendation by Dr. Davis.

20. On December 11, 2020, Ms. Smith notes in the claim file that she will be denying the shoulder surgery and that a medical examination must be done to complete compensability investigation.

21. On December 16, 2020, Ms. Smith denied the shoulder surgery.

22. On December 16, 2020, Ms. Smith sent email correspondence to Plaintiff stating that she reviewed the MRI and is concerned that the MRI shows a preexisting shoulder injury.

23. In the same email correspondence, Ms. Smith attempted to convince Plaintiff to commit insurance fraud by asking Plaintiff if he just wants to use his own private health insurance policy to cover his injury even though his injury was work related.

24. On December 17, 2020, Ms. Smith transfers the claim to a new adjuster, Mr. Joshua Quick.

25. On January 5, 2021, Defendant received a second surgery authorization request.

26. On January 13, 2021, Defendant denied the authorization and advised Defendant was requesting an IME.

27. On February 1, 2021, Plaintiff filed an appeal of the claim and surgery denial and requested a hearing, which was set for May 11, 2021.

28. On February 1, 2021, Plaintiff appeared at Defendant's retained medical examiner Timothy O'Brien, M.D. for an IME.

29. On February 16, 2021, Dr. O'Brien opined that Plaintiff sustained a work injury to his right shoulder and needs shoulder surgery to correct his torn right rotator cuff.

30. On February 25, 2021, Plaintiff sent correspondence to Defendant requesting that they admit liability based on Dr. O'Brien's examination report.

31. On March 3, 2021, Defendant filed a Response to Application for Hearing and asserted the claim was not compensable and shoulder surgery was not reasonable, necessary, or related to Plaintiff's alleged injury.

32. On the same date, Plaintiff sent correspondence to Defendant stating that there was no reasonable basis to deny the claim.

33. On May 4, 2021, Defendant sent correspondence to Plaintiff requesting his medical history.

34. On May 7, 2021, Defendant sent email correspondence to Plaintiff advising that it will admit liability and authorize the shoulder surgery and pay Plaintiff's lost wages.

35. On May 10, 2021, Plaintiff canceled the May 11, 2021 hearing based on Defendant's agreement to admit liability, pay lost wages, and authorize the shoulder surgery.

36. Between May 20, 2021 and June 8, 2021, Plaintiff sent several emails to Defendant regarding the status of the shoulder surgery authorization and lost wages.

37. On June 7, 2021, Defendant filed a General Admission admitting liability for wage loss and medical care.

38. On June 8, 2021, Defendant issued the past due lost wages to Plaintiff.

39. On June 9, 2021, Defendant issued a letter to the worker's compensation providers that Plaintiff's treatment was now authorized, however, this authorization did not contain a surgical authorization.

40. Defendant has still not issued an authorization for the shoulder surgery, and Plaintiff has been forced to commence litigation.

41. Defendant failed to provide Plaintiff with notice whether liability is admitted or contested along with a brochure advising Plaintiff of his rights as outlined in C.R.S.§ 8-43-203.

42. Upon information and belief, employees of Defendant in their employment file receive praise for delaying and denying worker's compensation benefits or otherwise convincing claimants to utilize personal insurance and forgo their worker's compensation benefit.

43. Upon information and belief, employees of Defendant receive financial incentives to delay in their evaluation and payment of worker's compensation benefits owed to claimants.

44. Upon information and belief, employees of Defendant receive financial incentives to deny payment of worker's compensation benefits owed to claimants.

45. Upon information and belief, Defendant managers have a long history of praising Defendant employees for improperly saving the Defendant from paying out worker's compensation benefits owed.

46. Upon information and belief, the attorneys for Defendant have been engaging in the evaluation and adjustment of the worker's compensation claim. Attorneys for Defendant have had communications with Defendant that pertain to its evaluation and adjustment of Plaintiff's claim for worker's compensation benefits.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract Against Defendant)

47. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

48. Plaintiff is entitled to recover his worker's compensation benefits as provided in his employer's insurance policies with Defendant.

49. Plaintiff, by way of his employment with Greystar Property Management Services, entered into a contract for worker's compensation insurance whereby Defendant provided worker's compensation insurance to Plaintiff as an employee of Greystar Management Services and promised to pay benefits to Plaintiff in exchange for Greystar Management Services payment of premiums.

50. Pursuant to C.R.S. §8-40-102 the Worker's Compensation Act of Colorado is to be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to injured worker's at a reasonable cost to employers, without the necessity of litigation.

51. Defendant has breached its contract of insurance by failing to approve of Plaintiff's right rotator cuff surgery and failing to pay worker's compensation benefits owed to Plaintiff.

52. Defendant breached its contract of insurance by failing to perform the necessary services outlined in its contract with Plaintiff's employer.

53. As a direct and proximate result of the injuries and damages sustained by Plaintiff in the October 25, 2020 incident, and as required by Defendant's policies of insurance, and as a direct result of Defendant's breach of contract, Plaintiff has suffered damages and Defendant Sompo America Insurance Company is liable to pay worker's compensation benefits to Plaintiff to compensate him for his injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
(Common Law Bad Faith Breach of Insurance Contract against Defendant)

54. Plaintiff incorporates the allegations set forth above as though fully set forth herein.

55. Plaintiff, by way of his employment with Greystar Property Management Services, entered into a contract for worker's compensation insurance whereby Defendant provided worker's compensation insurance to Plaintiff as an employee of Greystar Management Services and promised to pay benefits to Plaintiff in exchange for Greystar Management Services payment of premiums.

56. Defendant acted willfully, wantonly, and unreasonably in failing to timely and reasonably approve of Plaintiff's right rotator cuff surgery and pay all worker's compensation benefits to Plaintiff arising from the injuries, damages, and losses sustained by Plaintiff in the October 25, 2020 work related incident and by continuing to delay and deny authorization for his right shoulder surgery.

57. Defendant has refused to authorize Plaintiff's right rotator cuff surgery and pay the full amount of Plaintiff's worker's compensation benefits without a reasonable basis.

58. Defendant actively tried to get Plaintiff to drop his worker's compensation claim and suggested Plaintiff make false statements to his personal health insurance carrier to try to get his health insurance to cover his shoulder surgery.

59. Defendant chose not to advise Plaintiff of his rights as outlined in C.R.S.§ 8-43-203.

60. Defendant acted unreasonably in handling Plaintiff's claim for worker's compensation benefits in an unfair manner inconsistent with fair claims handling standards.

61. Defendant's conduct described herein was unreasonable and further violated C.R.S. § 10-3-1104(1)(h).

62. Defendant knew that its conduct described above was unreasonable or recklessly disregarded the fact that its conduct described above was unreasonable.

63. As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has sustained injuries, damages, and losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pigford prays for judgment against Defendant for relief as follows:

1. Worker's Compensation Benefits owed to Plaintiff for a breach of contract under the policies of worker's compensation insurance issued by Defendant;

2. Damages for common law bad faith;

3. All other compensatory damages caused by Defendant's actions and inactions, to be proven at trial;

4. Pre-judgment and post-judgment interest as provided by law; and

5. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Robert Pigford hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 5th day of August, 2021.

**BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.**
*(Original signature on file at Burg Simpson Eldredge Hersh & Jardine, P.C.)*

*/s/Jacob M. Burg*
Stephen J. Burg, Reg. No. 39789
Jacob M. Burg, Reg. No. 47766
Kristi Paschall, Reg. No. 42533
*Attorneys for Plaintiff*

**Plaintiff's Address**
c/o Burg Simpson, P.C.
40 Inverness Drive East
Englewood, CO 80112

7